OPINION
Appellant Kathy Mauzy appeals the decision of the Stark County Court of Common Pleas, Family Court Division, which granted permanent custody of her minor children Jonathan and Neil Mauzy to the Stark County Department of Human Services ("SCDHS"). The pertinent history of the case is as follows: On October 31, 1997, SCDHS filed a neglect complaint regarding Jonathan and Neil. The initial concerns were that appellant and the children had been evicted from their apartment, forcing them to live in a truck, as well as allegations of drug and alcohol problems. On January 20, 1998, appellant stipulated to an amended complaint of dependency. On September 18, 1998, SCDHS filed a motion for permanent custody; however, the motion was withdrawn and SCDHS was thereafter granted an extension of temporary custody. In August 1999 SCDHS filed to change legal custody to caregiver Vicki Charles. However, this was not accomplished due to Vicki's health problems. On February 15, 2000, SCDHS filed for permanent custody. On July 14, 2000, the trial court filed its findings of fact and conclusions of law, and a judgment entry granting permanent custody of Jonathan and Neil Mauzy to SCDHS. Appellant timely appealed and herein raises the following three Assignments of Error:
 I. THE TRIAL COURT ORDER SHOULD BE VACATED BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY AWARDING THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES PERMANENT CUSTODY OF JONATHAN MAUZY AND NEIL MAUZY RATHER THAN TO THE BIOLOGICAL MOTHER, KATHY MAUZY, WHEN SUCH ORDER WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE TO BE IN THE BEST INTERESTS OF THE CHILD. (SIC).
 II. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES MADE REASONABLE EFFORTS AS REQUIRED BY R.C. 2151.419 TO RETURN THE CHILDREN TO THE CHILDREN'S HOME.
 III. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND THAT JONATHAN MAUZY AND NEIL MAUZY CANNOT AND/OR SHOULD NOT BE PLACED WITH THEIR MOTHER AT THIS TIME OR IN THE FORESEEABLE FUTURE.
Appellant's Assignments of Error all question whether the trial court's decision is supported by the manifest weight of the evidence. Appellant maintains, in her First Assignment of Error, that the trial court's conclusion that the best interests of Jonathan and Neil would be served by the granting of permanent custody to SCDHS is not supported by the evidence. In her Second Assignment of Error, appellant argues that the evidence does not support a finding that SCDHS made reasonable efforts to reunify the family as required by statute. In her Third Assignment of Error, appellant contends that the trial court's conclusion that two children could not be placed with her within a reasonable amount of time is unsupported by the evidence. We disagree with these three assertions. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281. It is based upon these standards that we review appellant's three Assignments of Error.
 I.
Appellant challenges the trial court's finding that the grant of permanent custody served the best interests of Jonathan and Neil. The relevant statutory section of R.C. 2151.414 mandates as follows: (D) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
* * *
The trial court's written findings of fact and conclusions of law clearly reveal that the statutory "best interest" factors were duly considered. Both children, despite the length of temporary custody status, were found to be developing normally, and generally bond well with each other and with their foster family. The guardian ad litem's report further encouraged a granting of permanent custody. Although appellant, despite her limited periodic efforts to deal with her drug and housing situation, expressed good intentions and has not lost her bond with her sons, we must conduct our review mindful that "the discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Awkal (1994), 95 Ohio App.3d 309, 316. We therefore conclude that the trial court's determination regarding best interests was supported by competent, credible testimony, and find that the judgment was not against the manifest weight of the evidence. Appellant's First Assignment of Error is overruled.
 II.
Appellant next directs our attention to the "reasonable efforts" requirements of R.C. 2151.419: (A)(1) Except as provided in division (A)(2) of this section, at any hearing held pursuant to section 2151.28, division (E) of section 2151.31, or section 2151.314, 2151.33, or 2151.353
of the Revised Code at which the court removes a child from the child's home or continues the removal of a child from the child's home, the court shall determine whether the public children services agency or private child placing agency that filed the complaint in the case, removed the child from home, has custody of the child, or will be given custody of the child has made reasonable efforts to prevent the removal of the child from the child's home, to eliminate the continued removal of the child from the child's home, or to make it possible for the child to return safely home. The agency shall have the burden of proving that it has made those reasonable efforts. * * *.
* * *
Our review strongly indicates, quite contrary to appellant's position, that SCDHS exercised a significant level of patience in seeking to carry out its obligations in this matter. Ongoing worker Sue Snyder ably testified as to her resolute attempts to facilitate appellant's drug treatment, including driving herself to get appellant to a Quest assessment. Despite appellant's delays in progressing on the case plan, SCDHS went so far at one point as to legally withdraw the original permanent custody motion when appellant showed some signs of willingness to work on her problems. We find no merit in appellant's position, based on the competent testimony presented by SCDHS. Appellant's Second Assignment of Error is overruled.
 III.
In addressing appellant's Third Assignment of Error, we turn to the relevant statutory language of R.C. 2151.414(E): * * * If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *.
* * *
We find the evidence introduced at the hearing supports the trial court's conclusions under R.C. 2151.414(E). The case plan filed with the trial court ultimately contained the following three chief components: a requirement for appellant to obtain adequate housing, completion of Goodwill parenting classes, and to attend and follow up on the Quest program for drug issues. During the pendency of the case, appellant moved into small trailer on an automobile storage site, which, although apparently up to code, was succinctly labeled by the court as "of marginal adequacy." Findings of Fact and Conclusions of Law, at 6. The court's commendably detailed ruling also recognized appellant's sporadic employment situation and lack of successful attainment of disability benefits. These developments, as well as a volatile relationship with a boyfriend, were summarized by Ms. Snyder as follows: "So there just seems to be a pattern of instability, wanting to get on social security, wanting the caregiver to give the boys an MRI so that the boys could get on social security * * *." Tr. at 15. Her Quest follow-ups were likewise problematic, demonstrating an inadequate redress of the drug problem. Although the Goodwill classes fared much better, we are compelled to note that SCDHS was not necessarily required to prove at trial that appellant completely failed in achieving the goals of the case plan. This court has upheld permanent custody findings despite evidence in the record that a parent made partial progress on his or her case plan. In re Bunting Children (Oct. 13, 1998), Stark App. No. 97CA0381, unreported. We therefore find that the record presents sufficient competent, credible evidence supporting the holding that, despite the Agency's reasonable case planning and diligent efforts, appellant had refused or failed to remedy the concerns that initially caused the children to be placed outside her home, and that the children cannot and/or should not be placed with appellant now or in the foreseeable future. Appellant's Third Assignment of Error is overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Family Court Division, Stark County, Ohio, is affirmed.
 ____________________ Wise, J.
Farmer, P.J., and Edwards, J., concur.